**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WINNIFRED BELL; ALLURA
LIGHTFOOT; and DEANNA WALLER,

    Plaintiffs,

vs.                                             Case No. 6:12-cv-1560-Orl-37GJK

CITY OF WINTER PARK, FLORIDA;
CITY OF WINTER PARK, FLORIDA,
CITY COUNCIL; STEVEN LEARY;
CAROLYN COOPER; TOM
MCMACKEN; SARAH SPRINKEL; and
BRETT C. RAILEY,

    Defendants.

**ORDER**

This cause is before the Court on Plaintiffs' Motion for Temporary Restraining Order (Doc. 2), filed October 16, 2012. Upon consideration, the Court hereby finds that Plaintiffs' Motion does not meet the necessary requirements for the issuance of a temporary restraining order. Instead, the Court will convert Plaintiffs' Motion to and take it under advisement as a Motion for Preliminary Injunction.

**BACKGROUND**

Plaintiffs seek to "share[] their religious, political, and social speech with people in the City [of Winter Park]." (Doc. 2, p. 5.) Defendants are the City of Winter Park, its Chief of Police, its City Council, and members thereof. On September 24, 2012, the City Council passed City Code § 62-79, which states that "[i]t shall be unlawful for any person or persons to picket, protest or conduct any picketing or protesting activity within a buffer area of 50 feet from the property line of any single-family residence or dwelling

unit in the City of Winter Park." (Doc. 1, p. 8.)

Plaintiffs aver that the new code section is unconstitutional. (*Id.* at 1.) Plaintiffs intend to engage in "constitutionally protected activities" that they believe will lead to "arrest and incarceration" based on the new code section. (Doc. 2, p. 5.) Therefore, they filed a Verified Complaint with this Court on October 16, 2012 (Doc. 1) and this accompanying Motion for Temporary Restraining Order (Doc. 2) seeking the Court to temporarily restrain Defendants from enforcing the new code section.

## STANDARDS

The Court is authorized to issue a temporary restraining order without notice to the adverse party in very limited circumstances. Fed. R. Civ. P. 65(b); Local Rule 4.05. A motion for temporary restraining order must be supported by allegations "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." Local Rule 4.05(b)(2).

## DISCUSSION

Any threatened limitation on free speech alleged to contravene the Constitution is a matter of grave concern. However, the Local Rules of the Middle District of Florida require not only that Plaintiffs allege irreparable injury, as they have done (Doc. 2, p. 20), but also that Plaintiffs demonstrate such imminence of the injury as to prompt judicial action without notice to Defendants.

Plaintiffs fail to sufficiently establish the requisite immediacy of harm and fail to show that the need for urgent *ex parte* action outweighs the benefits of full briefing and argument despite a reasonable delay. While Plaintiffs state that the City Council was "fully informed of the constitutional infirmities" of the new code section during the

September 24 council meeting (*id.*), Plaintiffs have not adequately alleged that giving Defendants proper notice and an opportunity to be heard is "impractical if not impossible." Local Rule 4.05(b)(2).

Without comment as to the merits of the action, the Court finds that Plaintiffs have failed to meet the high threshold for a temporary restraining order.[1] Instead, the Court will take Plaintiffs' Motion under advisement as a Motion for Preliminary Injunction and set an expedited briefing schedule and hearing on the matter.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

2. Plaintiffs' Motion for Temporary Restraining Order (Doc. 2) is converted to and **TAKEN UNDER ADVISEMENT** as a Motion for Preliminary Injunction.

3. Defendants may file one consolidated response in opposition to Plaintiffs' Motion (Doc. 2), including all opposing affidavits, on or before November 7, 2012.

4. Plaintiffs may file a reply to Defendants' response on or before November 14, 2012. Plaintiffs' reply shall be directed only to Defendants' response and shall not include any new issues, rebuttal affidavits, or other evidence in support. Plaintiffs' reply shall not exceed ten (10) pages.

5. This matter will be heard by the Honorable Roy B. Dalton, Jr., United States District Judge, on December 4, 2012, at 9:00 a.m. in Orlando,

---

[1] The Court notes that this determination does not preclude the possibility of a future issuance of a preliminary injunction. *See* Local Rule 4.05(b)(6).

Florida. The Court will enter a separate order setting the hearing.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 18, 2012.

						ROY B. DALTON JR.
						United States District Judge

Copies:

Counsel of Record